**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

DONALD ROENICKE,
JEAN ROENICKE,

   Plaintiffs,    CIVIL ACTION NO. 06-CV-15395-DT

 vs.

             DISTRICT JUDGE BERNARD A. FRIEDMAN

UNITED STATES OF     MAGISTRATE JUDGE MONA K. MAJZOUB
AMERICA,
   Defendant.
_____/

## **OPINION AND ORDER DENYING PLAINTIFFS' MOTION TO COMPEL**

Plaintiffs filed this Motion to Compel Disclosure under 26 U.S.C. § 6103 on October 2, 2008. (Docket no. 27). Defendant filed a Response on October 8, 2008. (Docket no. 32). The motion was referred to the undersigned for decision. (Docket no. 28). The Court dispenses with oral argument pursuant to E. D. Mich. LR 7.1(e). This matter is now ready for ruling.

Plaintiffs Donald and Jean Roenicke were co-owners of American Sheet Metal, Inc., along with Ronald L. Brown and Janet Brown. (Docket no. 32 at 3). The IRS assessed a penalty under 26 U.S.C. § 6672 against the Browns and the Roenickes because they allegedly failed to collect and pay over FICA taxes from the wages of the employees of American Sheet Metal. (Docket no. 27 at 4). The IRS obtained a consent judgment against the Browns in 1998 for the unpaid balance of the taxes. (*Id*.). The Browns and the IRS entered into a Stipulation in 1998 in which the Browns agreed to make monthly payments until the assessed balance of the taxes was paid. (*Id*. at 4-5). The Roenickes also entered into this Stipulation and agreed to pay a lump sum in return for having the government's claims against them dismissed without prejudice. (*Id*. at 5). The Browns defaulted under the terms of the Stipulation and, by the terms of the Stipulation, the IRS began collection

efforts against the Roenickes for the section 6672 penalty. (*Id*.).

Plaintiffs filed the instant motion seeking to compel the IRS to disclose the amount from the sale of the Browns' residence[1] which was applied to the Browns' income tax liability and not to their section 6672 liability, in addition to any other discretionary payments made to the Browns' income tax liability. (*Id*. at 7). Plaintiffs are seeking a refund of trust fund recovery penalties assessed pursuant to 26 U.S.C. § 6672 and contend that the information they seek is relevant to their claim for a refund because, if the proceeds from the sale of the Browns' residence were applied to the section 6672 liability, their liability would be substantially reduced. (*Id*. at 5).

The IRS does not dispute that the alleged $50,000 payment was not applied to the unpaid penalties assessed pursuant to section 6672. (Docket no. 32 at 5). The IRS also does not dispute that this alleged $50,000 payment, if it were applied to the section 6672 penalties, would reduce the liability of the Roenickes. (*Id*. at 6). The IRS argues that the Stipulation agreement did not require it to apply any payments received from the sale of the Browns' residence to reduce the section 6672 liabilities. According to the IRS, it could apply the payments to a taxpayer's liability in the best interest of the government. (*Id*. at 5). In addition, the IRS contends that 26 U.S.C. § 6103 prohibits it from disclosing personal tax information concerning the Browns. (*Id*.).

The determinative issue for this motion is whether the IRS was required to apply the alleged payments from the proceeds of the sale of the Browns' residence to the section 6672 liability. If the IRS is correct that it could apply the payments as it saw fit, the fact that payments were applied elsewhere and their exact amounts are not relevant to the claims and defenses of this action.

---

[1] The sale occurred in 2002, and Plaintiffs allege that approximately $50,000 was applied from the sale proceeds to the amount owing by the Browns on their federal income tax. (Docket no. 27 at 2).

Plaintiffs do not show that any portion of the Stipulation agreement requires the IRS to apply the alleged payments from the sale of the Browns' residence to the section 6672 liability. They rely upon one case which stands for the proposition that under 26 U.S.C. § 6103(e)(9), the IRS must disclose to a party responsible for paying a section 6672 penalty certain information such as the name of any other person it has found to be liable for such penalty, whether the IRS has attempted to collect such penalty from another person, the general nature of such collection activities, and the amount collected. *United States v. New York State Div. Of Lottery*, 1996 WL 660914 (S.D.N.Y. Nov. 14, 1996). The *New York State* court found that any arrangement to pay a section 6672 penalty between the IRS and two companies operated by a person found to be liable for the penalty were part of the "general nature" of the IRS's collection efforts and, thus, should be disclosed.

Plaintiffs do not dispute that the IRS has provided them with the name of the Browns, the only other parties the IRS has found to be liable for the penalty at issue in this case. (Docket no. 32 at 9). Plaintiffs also do not dispute that the IRS has provided copies of account transcripts for the Browns that detail the assessment and collection activity, including the amounts collected with respect to the section 6672 penalties. (*Id.*). These disclosures satisfy section 6103(e)(9).

Plaintiffs seek to compel the IRS to disclose information beyond what section 6103(e)(9) and the above case requires. The failure of Plaintiffs to connect the payments from the proceeds of the sale of the Browns' residence to any obligation on the part of the IRS to apply those payments to the section 6672 liability takes the information regarding the payments out of the scope of section 6103(e)(9). Accordingly, the Court finds that Plaintiffs' Motion to Compel may not be granted on the authority of 26 U.S.C. § 6103.

Because Plaintiffs have failed to show that section 6103(e)(9), the only section they rely

upon, compels the disclosure of the information requested, the Court need not determine whether section 6103(e)(1) prohibits the disclosure of the information because it is tax return information as the IRS argues.

**IT IS THEREFORE ORDERED** that Plaintiffs' Motion to Compel (docket no. 27) is **DENIED.**

## NOTICE TO PARTIES

Pursuant to Fed. R. Civ. P. 72(a), the parties have a period of ten days from the date of this Order within which to file any written appeal to the District Judge as may be permissible under 28 U.S.C. 636(b)(1).

Dated: October 21, 2008            s/ Mona K. Majzoub
                                   MONA K. MAJZOUB
                                   UNITED STATES MAGISTRATE JUDGE

## PROOF OF SERVICE

I hereby certify that a copy of this Order was served upon Counsel of Record on this date.

Dated: October 21, 2008            s/ Lisa C. Bartlett
                                   Courtroom Deputy